OPINION *Page 2 
{¶ 1} Defendant-Appellant Thaddeus Walker appeals his conviction and sentence for one count of possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(a), a felony of the fifth degree. The trial court sentenced Appellant to three years of community control.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 11, 2006, two security guards, Bryan Jeffries and Jeremy Hilbish, at Skyline Terrace Apartments observed Appellant exit a car at the apartment complex and enter one of the buildings. The guards' attention was drawn to Appellant because Jeffries had placed Appellant on a "ban list" approximately two weeks before. The "ban list" consisted of a list of individuals who were not permitted on the property of the apartment complex due to various issues such as criminal trespassing or possession of drugs.
 {¶ 3} The guards left their vehicle, entered the building after Appellant, and observed Appellant going to the downstairs apartments. The guards waited for Appellant to come back up the stairs. When Appellant came back up the stairs, the guards stopped Appellant and asked for his identification. The guards also asked Appellant for permission to pat him down. Appellant gave the guards permission to pat him down. *Page 3 
 {¶ 4} During the pat-down, Jeffries removed the stocking cap Appellant was wearing. Jeffries handed the hat to Hilbish. As he handed the hat to Hilbish, a piece of crack cocaine fell out of the hat onto the floor. Hilbish examined the hat and found another piece of crack cocaine in the fold of the hat. Hilbish observed some smaller pieces or "crumbs" of cocaine in the fold of the hat.
 {¶ 5} The guards detained Appellant and contacted the Canton Police Department. The Canton Police Department dispatched Officer Overdorf to the scene to take custody of Appellant and the two rocks of crack cocaine.
 {¶ 6} The Stark County Grand Jury indicted Appellant on one count of possession of cocaine. Appellant pleaded not guilty and the case proceeded to trial by jury. The jury found Appellant guilty.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "I. THE JURY VERDICT FINDING APPELLANT GUILTY OF POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION."
 I. {¶ 9} Appellant argues his conviction for possession of crack cocaine was against the manifest weight of the evidence. We disagree. *Page 4 
{¶ 0} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 11} Appellant argues the evidence was insufficient to substantiate the guilty finding that he was in the possession of crack cocaine on January 11, 2006. Appellant points to the inconsistencies in the testimony of the two security guards involving the amount of crack cocaine found in Appellant's hat, when the guards witnessed Appellant at the apartment complex, and if the guards were hiding by the stairs when they stopped the Appellant.
 {¶ 12} Appellant was convicted of one count of possession of cocaine in violation of R.C. 2925.11(A) which states: "[n]o person shall knowingly obtain, possess, or use a controlled substance." Jeffries testified that when he removed Appellant's hat, he saw *Page 5 
one piece of crack cocaine fall to the floor. (Tr. 110). He stated that he handed the hat to Hilbish and Hilbish found another piece of crack cocaine in the hat. (Tr. 111). Hilbish testified that when he looked inside the rim of Appellant's hat, he saw several smaller pieces of crack cocaine. (Tr. 138). He observed the smaller pieces, and collected the smaller piece, but left some remaining crumbs in the hat. (Tr. 140). When Officer Overdorf arrived on the scene, he collected two small rocks of crack cocaine. (Tr. 83, 87). The officer submitted the crack cocaine to the Stark County Crime Lab and the Lab confirmed it to be cocaine. (Tr. 94).
 {¶ 13} While there may be inconsistencies in the guards' testimony regarding the amount of crack cocaine found on Appellant, we find the testimony was sufficient to support Appellant's conviction for one count of possession of cocaine. Further, the issues of when the guards saw Appellant, and where the guards were when they approached Appellant are not relevant to the issue of whether Appellant knowingly possessed, obtained or used crack cocaine. *Page 6 
 {¶ 14} Accordingly, Appellant's sole Assignment of Error is denied.
 {¶ 15} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
By: Delaney, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1